IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  CHRISTINA TABOR,<br><br>        Plaintiff<br><br>v.<br><br>(1)   STATE OF OKLAHOMA<br>ex. rel. BOARD OF REGENTS OF<br>MURRAY STATE COLLEGE,<br>(2)   MURRAY STATE COLLEGE,<br><br>        Defendants | CIVIL ACTION NO.<br><br>6:14-cv-00467-KEW |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CHRISTINA TABOR brings this action against Defendants and for cause of action would show the Court as follows:

**NATURE OF CLAIM**

1. This jury action seeks redress for Defendants' violation of the laws of the United States in connection with Plaintiff's employment by Defendants and termination therefrom on or about December 11, 2013. This action seeks to enforce the rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et. seq*. and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq*. As redress for Defendants' violation, Plaintiff prays for and demands declaratory, equitable and legal relief, including compensatory damages, punitive damages, liquidated damages and attorney fees and costs in an amount, which will be established at the trial of this cause.

## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C § 2000e-5(f)(3) and 28 U.S.C. § § 1331 and 2001. This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because Defendants reside within the judicial district of this Court within the meaning of 28 U.S.C. § 1392(b)(1) and (c).

2.3     At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least 12 months by Defendants and worked for at least 1,250 hours of service with Defendants during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.4     Plaintiff was an "employee" of Defendants, and Defendants were the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

2.6     Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on January 24, 2014.  A Notice of Right to

Sue was then issued by the U.S. Equal Employment Opportunity Commission dated July 31, 2014.  This lawsuit was filed within 90 days of receipt of the notice.

## PARTIES

3.1   Plaintiff is a female citizen of the United States and a resident of Johnston County, Oklahoma.

3.2   At all times material to this action, Defendants were a political subdivision of the State of Oklahoma.  Service of this Original Petition may be accomplished by serving its service agent: Office of the Attorney General, 2300 N. Lincoln Blvd., Suite 112, Oklahoma City, OK  73105.   Further, copies shall also be served upon the following:  Secretary of the Board of Regents of Murray State College, One Murray Campus, Tishomingo, OK  73460 and Office of the Risk Management, Administrator of the Purchasing Division of the Office of Public Affairs, Will Rogers Office Building, Suite 202, 2401 N. Lincoln, P.O. Box 53364, Oklahoma City, OK  73152-3364.

## BACKGROUND

4.1   On or about February 1996 Defendants hired Plaintiff for the position of Secretary to Development/External Relations Department.  After a series of promotions she held the position Director of Information Technology beginning approximately 2008.  In this position, she also performed duties of the Chief Information Officer.  She reported directly to Dennis Westman, Assistant Vice President of Administrative Services until August 2013 then Shawn

Wakefield, Assistant Vice President of Institutional Research and Effectiveness/Chief Information Officer.

4.2	Plaintiff always met or exceeded her performance expectations. Her most recent review in August 2013 completed by Mr. Westman was exceptional

4.3	In January 2013 Plaintiff learned that she was pregnant. Plaintiff promptly informed management of her pregnancy status and her plans to return to work after delivery and a short maternity leave.

4.4	After learning of her pregnancy, Mr. Westman constantly inquired with Plaintiff about her work plans after delivery of her child. Plaintiff always told him that she planned to return to her position after maternity leave. Mr. Westman would comment to her of his desire to demote her during her pregnancy.

4.5	Plaintiff requested from Mr. Westman permission to work from home and never received a response.

4.6	At her August 8, 2013 Annual Evaluation, Mr. Westman demoted Plaintiff from all duties of Chief Information Officer just before her pregnancy leave in order to "spend more time with her [yet to be delivered] daughter".

4.7	Plaintiff continued in her IT Director position. The CIO position was filled by a male.

**FMLA Qualified Intermittent Leave**

4.8	On or about August 15, 2013, due to pregnancy complications, Plaintiff was ordered to work no more than four hours a day by her physician.

4.9     On and after August 15, 2013 Plaintiff used her accrued sick leave for each part of the day she was not working.

**FMLA Qualified Leave**

4.10    On or about August 23, 2013, due to pregnancy complications, Plaintiff was taken off work by her physician.

4.11    On or about September 3, 2013 Plaintiff delivered her child through emergency delivery.

4.12    On September 18, 2013, while off work, Defendants ordered Plaintiff to return her Media Center Key so that she could no longer gain access to that office area.

**FMLA Qualified Intermittent Leave**

4.13    On or about November 11, 2013 Plaintiff returned to work at ½ days. Defendants gave her leave for the other ½ day she was not working.

4.14    On November 14, 2013 Mr. Wakefield directed Plaintiff to be out of her office after 6:00 p.m. each workday. In the past, Plaintiff usually worked after 6:00 p.m. in order to fulfill her duties.

4.15    On or about November 18, 2013 Plaintiff returned to working full days.

**Termination**

4.16    On December 11, 2013 Mr. Westman met with Plaintiff and told her that her position was going to be eliminated. He told her that she could resign

instead of termination and requested she sign his pre-drafted letter. Plaintiff refused to sign and received a letter of termination a few days later.

4.17   Prior to her termination, Plaintiff had never been written up. She always met or exceeded all performance expectations and had progressed within the facility.

4.18   Plaintiff had worked there 18 years and was terminated after working approximately 9 days after FMLA qualified intermittent leave related to pregnancy.

4.19   Based upon information and belief, Plaintiff's IT Director position was never eliminated and was filled by a male.

4.20   Plaintiff's leave for pregnancy complications was qualified as leave under the Family and Medical Leave Act.

4.21   Plaintiff's leave for ½ day work schedule before and after child delivery was qualified as intermittent leave under the Family and Medical Leave Act.

4.22   Defendants never notified or advised Plaintiff of the availability of FMLA leave, full or intermittent, prior to her termination.

**COUNT I:  Title VII of the Civil Rights Act of 1964**
**(Sex Discrimination in Employment)**

5.1   Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 4.22 of the Original Complaint.

5.2     At all times material to this cause of action, Defendants have continuously been and are an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3     At all times material to this cause of action, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f).

5.4     All conditions precedent to Plaintiff's entitlement to relief under this cause of action have been fulfilled and satisfied.

5.5     Plaintiff's sex and/or pregnancy was a motivating factor in the decision of Defendants to terminate Plaintiff.  Defendants otherwise willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of her sex and her pregnancy in her termination.  By engaging in such conduct, Defendants violated, and continue to violate § 703(a)(1) of Title VII of the Civil Rights Act ("Title VII"), which makes it an unlawful employment practice for an employer to discharge any individual because of sex.

5.6     Defendants engaged in the conduct alleged under this Court with malice and reckless indifference to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. Section 1981a.

5.7     As a direct and proximate result of the violations of Title VII alleged under this Count, Plaintiff has been damaged by the loss of her employment with

Defendants and the loss of compensation, including bonuses and employee benefits, and promotions she would have received as an employee of Defendants had she not been discharged in violation of Title VII.

5.8    As a direct and proximate cause of Defendants' violation of Title VII as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT I:   FMLA

### (Interference, Restraint or Denial of FMLA rights)
### (FMLA Retaliation)

6.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.8 of this Original Complaint.

6.2    Plaintiff worked for Defendants at least twelve months and Defendants have continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

6.3    All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

6.4    At all times material to this action, Defendants have retaliated against Plaintiff and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by Defendants' action and omissions, including, but not limited to the following:

    a.    Demoting Plaintiff from Chief Information Officer before FMLA qualified leave for child delivery;

    b.    Ordering Plaintiff to return her Media Center Key a few weeks after FMLA qualified leave for child delivery;

    c.    Terminating Plaintiff's employment after working approximately 9 days after qualified intermittent FMLA leave;

    d.    Failing to designate leave for pregnancy complications as FMLA leave. 29 C.F.R. § 825.120.

    e.    Failing to designate ½ day leaves as intermittent FMLA leave. 29 C.F.R. § 825.120

    f.    Failing to notify Plaintiff of eligibility for FMLA leave. 29 C.F.R. §§ 825.300(b) and (d).

    g.    Failing to notify Plaintiff of her rights and responsibilities under the FMLA. 29 C.F.R. § 825.300(c).

6.5    As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has been damaged by the loss of her employment with Defendants and the loss of compensation, including salary/wages and employee benefits, she would have received as an employee of Defendants had her rights under the FMLA not been interfered, restrained or denied or been retaliated for her exercise and/or attempted exercise of FMLA rights.

6.6     In violating the FMLA, Defendants acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

6.7     As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendants have engaged in all of the conduct alleged in this Original Complaint, and that Defendants have, by engaging in such conduct, violated Title VII and the FMLA.

2.     An injunction permanently enjoining Defendants from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.     A judgment against Defendants awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendants in violation of Title VII and the FMLA.

4.     A judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendants.

5.     Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6. A judgment against Defendants awarding Plaintiff compensatory damages as redress for Defendants' unlawful conduct;

7. A judgment against Defendants awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Facsimile:   (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of their claims.

s/Jeff Taylor
Jeff A. Taylor